

EDWARD A. FRIEDMAN
efriedman@fklaw.com
212.833.1102

October 17, 2017

BY ECF

Hon. Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street, Room 2202
New York, NY  10007

      Re:    *U.S. Bank National Association v. Windstream Services, LLC*,
             Docket No. 17 Civ. 7857 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      We represent Plaintiff U.S. Bank National Association, in its capacity as indenture trustee of Windstream Services, LLC's 6 3/8% Senior Notes due 2023 (the "Trustee"), in the above-referenced action.  We write in response to the Court's Order of October 16, 2017 (the "Order"), which indicated that the Complaint fails to "allege the citizenship of natural persons who are members of [the Defendant LLC] and the place of incorporation and principal place of business of any corporate entities that are members of the LLC."  The Order provides that "on or before October 30, 2017, Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising the Defendant LLC as well as the citizenship of all individual parties.  If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party."

      Plaintiff respectfully submits that the Complaint already alleges a complete diversity of citizenship of the parties, including "the citizenship of each constituent person or entity comprising the Defendant LLC."  The Complaint (¶ 13) alleges that Windstream Holdings, Inc. ("Holdings") "is the sole member" of Defendant Windstream Services, LLC and that Holdings "is a Delaware corporation with its principal place of business in Little Rock, Arkansas"—allegations admitted by Defendant (*see* Answer ¶ 13)—which means that Defendant is a citizen of Arkansas and Delaware.  The Complaint (¶ 11) alleges that Plaintiff is a federally chartered national bank with its main office in Ohio, which makes it a citizen of Ohio.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).  Accordingly, because this action is one between a citizen of Ohio and a citizen of Arkansas and Delaware, it is an action "between citizens of different States" within the meaning of 28 U.S.C. § 1332(a)(1).  We also note that there are only two parties named in the Complaint, neither of which is an individual and, therefore, there are no individual parties whose citizenship needs to be alleged.

The Hon. Jesse M. Furman             - 2 -             October 17, 2017

      We have communicated with counsel for the other parties, and all agree that the Trustee has pled the citizenship of Services and that diversity jurisdiction exists for the Complaint. We therefore respectfully request that the Court so-order this letter to indicate its concurrence that the Complaint already alleges the facts required by the Order to establish diversity jurisdiction. If, however, we have failed to appreciate the import of the Order and our pleading is not sufficiently clear, we apologize and would respectfully ask for the Court's guidance.

                        Respectfully,

                        /s/ Edward A. Friedman

cc: Counsel of Record (via ECF)