# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022

Aaron H. Marks
To Call Writer Directly:
(212) 446-4856
aaron.marks@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

October 24, 2017

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:   *U.S. Bank National Association v. Windstream Services, LLC*,
      17-CV-07857 (S.D.N.Y.)

Dear Judge Furman:

      We represent defendant and counterclaim-plaintiff Windstream Services, LLC ("Services" or the "Company") in the above-referenced action and write regarding a proposed confidentiality order to be entered in this action. On Saturday morning, October 21, we sent to counsel for plaintiff and counterclaim-defendant U.S. Bank National Association ("US Bank NA") and counsel for counterclaim-defendant Aurelius Capital Master, Ltd. ("Aurelius") a proposed confidentiality order to be entered in this action. Counsel for US Bank NA replied on Sunday afternoon, October 22, with a substantially different proposed confidentiality order, based on Judge Forrest's model protective order, but with significant, nonstandard changes which would prejudice Services. On Sunday evening, we replied to counsel for US Bank NA and Aurelius with a revised proposed confidentiality order (using Judge Forrest's model protective order as the base), which reflected our edits to remove the potential prejudice to Services. That proposed confidentiality order is attached hereto as Exhibit A (the "Services Proposed Order"). Yesterday, counsel met and conferred via e-mail and telephonically regarding the differences in their proposed confidentiality orders. Given the distance between the parties' positions we suggested that we were at an impasse and, in consideration of the compressed discovery schedule, we would be submitting our proposed order to the Court.

      The primary difference between the Services Proposed Order and the order proposed by opposing counsel is that the Services Proposed Order provides that material disclosed or otherwise discovered in this litigation may be used only for the purposes of this litigation and for no other purpose. Ex. A ¶ 1. This provision is necessary given the sensitivity of the discovery that US Bank NA and Aurelius are seeking, including, among other things, board minutes, internal

## KIRKLAND & ELLIS LLP

Hon. Jesse M. Furman
October 24, 2017
Page 2

strategic communications, and unaudited financial statements. US Bank NA and Aurelius have indicated that they will seek to use the material disclosed or otherwise discovered in this litigation (including material designated "Confidential") for non-litigation purposes, including in connection with (i) US Bank NA's duties as to holders of other debt securities issued by Windstream and (ii) Aurelius's disclosures to regulators. Neither of these attempted justifications is legitimate.

In the proposed confidentiality order opposing counsel drafted, US Bank NA sought to be able to use all materials (not just non-Confidential materials) produced in this litigation in connection with its purported obligations as indenture trustee to holders of other debt securities issued by Services. This use is both unnecessary and improper. Disclosures to US Bank NA under the Indenture in connection with its responsibilities as Trustee are governed by Section 4.03 of the Indenture. (Dkt. 1-1 at 61.) Any documents that US Bank NA requires to discharge its duties as Trustee can be obtained under those provisions. And, those disclosure provisions are much narrower than the discovery that US Bank NA seeks here.

Similarly, in the proposed confidentiality order opposing counsel drafted, US Bank NA and Aurelius were permitted to maintain an electronic copy of all materials produced by Services indefinitely. Aurelius claimed that such maintenance was necessary to comply with the possibility of regulatory requests. We are not aware of any regulation, rule, or procedure that requires a party to maintain a copy of another party's documents obtained in discovery indefinitely for the purposes of compliance. We requested that opposing counsel provide an example of an entered confidentiality order which contained a provision allowing for such indefinite maintenance, and opposing counsel still has not done so.

Neither the ability of a party (here, US Bank NA) to use materials produced in connection with litigation for non-litigation purposes nor the ability of a party (here, Aurelius) to maintain a copy of another party's produced materials indefinitely is provided for in Judge Forrest's model protective order. Indeed, the Services Proposed Order tracks most closely with Judge Forrest's model.

In short, given the expedited nature of this proceeding and the confidentiality and sensitivity of the documents that Services is likely to be producing, Services respectfully requests that Your Honor so-order the Services Proposed Order.

## KIRKLAND & ELLIS LLP

Hon. Jesse M. Furman
October 24, 2017
Page 3

                                                Respectfully submitted,

                                                /s/ Aaron H. Marks

                                                Aaron H. Marks

cc:     All Counsel of Record (via ECF)