

DANIEL B. RAPPORT
drapport@fklaw.com
212.833.1122

October 24, 2017

BY ECF

Hon. Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street, Room 2202
New York, NY 10007

      Re:    *U.S. Bank National Association v. Windstream Services, LLC*,
             Docket No. 17 Civ. 7857 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      We represent plaintiff-counterclaim defendant U.S. Bank National Association, solely in its capacity as indenture trustee (the "Trustee") for the 6 3/8% senior notes due 2023 (the "Notes") issued by Windstream Services, LLC ("Services"). With the concurrence of counterclaim-defendant Aurelius Capital Master, Ltd. ("Aurelius"), we write to request that the Court resolve a dispute between the parties regarding the appropriate form of protective order that should be entered in this matter. The parties have met and conferred regarding the issues raised herein and that process was unsuccessful.

      This is a matter of some urgency because defendant Services has taken the position that it will not, beyond a small initial production, produce any additional documents until this dispute is resolved. While we have repeatedly offered to have only counsel review any documents produced by Services pending resolution of our disagreements about the protective order language, Services has refused to continue its production. Meanwhile, the very limited time for discovery continues to slip away — 6 of the 16 days of the discovery period have now passed — and Services has yet to meet nearly all of its discovery obligations. Services has produced a total of 86 documents — including publicly-available documents — which do not even begin to address the vast majority of categories of discovery sought. Services has also failed to provide the Trustee and Aurelius with the follow-up information necessary to advance the meet-and-confer process with respect to three requests Services claims are unduly burdensome. And Services has yet to respond to many of the questions we have posed to it in an effort to clarify whether certain facts are in actually in dispute and to limit any further requests for documents.

      Against this backdrop, the Trustee and Aurelius respectfully request that the Court address the parties' dispute regarding the appropriate form of a protective order promptly so that it does not become a further excuse for delay by Services in completing discovery in a timely manner, and so that the parties can focus their energies on getting ready for trial on December 5.

3304497.2

The Hon. Jesse M. Furman                                    - 2 -                                        October 24, 2017

       A copy of the form of protective order proposed by the Trustee and Aurelius is attached as Exhibit A, with a redline comparison to the proposed form of order filed by Services attached as Exhibit B.  Both forms of order are based on the standard form of protective order used by Judge Forrest.  As Your Honor will note from the comparison, three areas are in dispute.

       *First*, in the first paragraph of the proposed form of order, Services has insisted on a provision that would restrict the parties' use of Discovery Materials that are *not designated as Confidential*.  Judge Forrest's form of order does not contain such a provision and with good reason.  Generally, "parties to a lawsuit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).  In order to reverse that presumption, the party seeking protection must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause."  8A Wright & Miller, *Fed. Prac. & Proc.-Civ.* § 2035 (3d ed.).  The moving party must show "that disclosure will result in a clearly defined, specific and serious injury."  *Schiller v. City of New York*, 2007 WL 136149, at *5 (S.D.N.Y. Jan. 19, 2007) (quoting *In re Terrorist Attacks*, 454 F. Supp. 2d at 220, 222 (S.D.N.Y. 2006) (internal quotation marks, citations, and alterations omitted).  "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.  Moreover, the harm must be significant, not a mere trifle.'"  *Schiller*, 2007 WL 136149, at *5 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

       Services has offered no explanation for why there should be any restrictions on *non-Confidential* materials, and therefore there is no basis for the Court to reverse the normal presumption that the parties should be free to use these materials as they see fit.  The proposal by the Trustee and Aurelius that only Discovery Materials *designated as Confidential* are limited to use for the purposes of this litigation and for no other purpose is reasonable and fair to all parties, and more than adequate to protect any legitimate concerns that Services might have.

       *Second*, paragraph 9 of our proposed form of order would make clear that any confidentiality designation by Services with respect to Discovery Materials should not impede the Trustee's ability to carry out its duties as Trustee under the indenture for the Notes at issue in this litigation or other series of notes issued by Services for which U.S. Bank National Association acts as trustee.  Our proposed provision reads:

> Notwithstanding anything to the contrary in this Order, however, to the extent that Confidential Discovery Material includes information or documents that Windstream Services, LLC ("Windstream") is otherwise obligated to provide to holders of the notes (the "Noteholders") issued under the indenture governing Windstream's 6 3/8% Senior Notes due 2023 (the "Indenture") or to U.S. Bank National Association as Trustee (the "Trustee") under the terms of the Indenture or applicable law ("Required Disclosure Material"), nothing in this Order shall prohibit the Trustee from disseminating Required Disclosure Material to the Noteholders in compliance with its obligations under the Indenture.  Similarly, nothing in this Order shall prohibit the Trustee from disseminating Required Disclosure Material to the holders of any other notes

The Hon. Jesse M. Furman - 3 - October 24, 2017

      issued by Windstream (f/k/a Windstream Corporation) under any
other indenture with respect to which U.S. Bank National
Association acts as trustee in compliance with its obligations under
such indentures.

Again, Services has offered no explanation for its opposition to this provision other than its insistence that all Discovery Materials — whether Confidential or not — be used only for purposes of this litigation, even if the Trustee would be required to share them with note holders under the relevant indentures.  In effect, Services is seeking permission under the guise of a protective order to unilaterally modify the terms of the Trustee's contractual obligations to note holders.  The Court should not countenance such a request, and should include the proposed language in paragraph 9 to make clear that the Trustee can continue to honor the contractual obligations Services already agreed the Trustee would have to holders under the indentures.

      *Third*, paragraph 12 of our proposed form of order includes basic and standard provisions concerning how a receiving party disposes of Confidential Discovery Materials after the close of litigation and the notice they will provide if they receive a legal request to produce Confidential Discovery Materials in some other context.  Our proposed form of order requires that the receiving party make a "good faith and commercially reasonable effort" to return or destroy Confidential Discovery Materials.  We do not see how or on what basis Services could ask for more, and it has not proffered any explanation for why such language is insufficient.

      Our proposed form of order also requires that the receiving party give notice when it has received legal process requiring disclosure of Confidential Discovery Materials, except when the request is made in connection with a routine audit or examination by, or a document request from, the Securities and Exchange Commission or any other regulatory or self-regulatory authority having jurisdiction over the receiving party.  Services objects to this provision in its entirety.  Apparently, Services wants the Trustee and Aurelius to simply refuse under all circumstances to comply with any legally binding request for production from a third party.  That position is simply unreasonable.

      We are available to discuss any of the above by phone or in person at the Court's convenience.

      Respectfully submitted,

      /s/ Daniel B. Rapport


Attachments


cc:  Counsel of Record (via ECF)


3304497.2