```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,               :
solely in its capacity as indenture trustee of :
Windstream Services, LLC's 6 3/8% Senior      :
Notes due 2023,                                :
                                               :
              Plaintiff-Counterclaim           :      No. 17 Civ. 7857 (JMF)
              Defendant,                       :
                                               :
      vs.                                      :
                                               :
WINDSTREAM SERVICES, LLC,                      :
                                               :      CONFIDENTIALITY ORDER
              Defendant-Counterclaimant,       :
                                               :
      vs.                                      :
                                               :
AURELIUS CAPITAL MASTER, LTD.,                 :
                                               :
      vs.                                      :
                                               :
              Counterclaim-Defendant.          :
-----------------------------------------------------------x
```

JUDGE JESSE M. FURMAN:

Having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is hereby

ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, written discovery responses, testimony, or any other form that have not otherwise been made public — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of

this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.  Confidential Discovery Material may be used only for the purposes of this litigation and for no other purpose.

2. The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains confidential business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility.  Deposition testimony may be designated as Confidential either on the record during the deposition or within 5 days of receipt of the transcript.

4. At any time prior to the trial of this action, a person who has inadvertently produced Discovery Material without limitation may designate such Discovery Material as Confidential by informing all parties in writing that such Discovery Materials should be treated as Confidential under this Order.  Any receiving party may challenge such subsequent designation as provided in Paragraph 8, and any disclosure or other use of such Discovery Material that took place before such designation shall not be deemed to be a violation of this Order.

5. No person subject to this Order other than the producing person shall

disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

    a.    Parties to this action;

    b.    Counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

    c.    As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.    Any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e.    Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    f.    Stenographers engaged to transcribe depositions conducted in this action;

    g.    The Court and its support personnel; and

    h.    Any other person as agreed in writing by the parties to this litigation.

6.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non- Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

7.    The parties shall make reasonable efforts to avoid requesting the filing of Confidential Discovery Material under seal by, for example, redacting or otherwise excluding from a submission to the Court any such Material not directly pertinent to the submission. Where not reasonably possible, any Party wishing to file Confidential Discovery Material shall

seek leave to file it under seal or in redacted form in accordance with the Court's Individual Rules and Practices for Civil Cases.

8. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed; provided, however, that counsel for the parties may retain copies of documents constituting work product, pleadings, motion papers, discovery responses, deposition or trial transcripts, and trial exhibits. For purposes of the preceding sentence, "documents constituting work product" does not include electronic databases or binders of produced documents, regardless of whether there are electronic or physical tags or annotations attached to or written on such documents.

13. The Court does not retain jurisdiction over this order after the litigation is concluded.

14. This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the confidentiality, discoverability, relevance, or admissibility of any document or other evidence from any party or any other source. There are no intended beneficiaries of this Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

15. The Clerk of Court is directed to terminate Docket No. 30.

SO ORDERED.

Dated: New York, New York
October 25, 2017

_____
JESSE M. FURMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION, :
solely in its capacity as indenture trustee of :
Windstream Services, LLC's 6 3/8% Senior :
Notes due 2023, :
                                                       :
        Plaintiff-Counterclaim :        No. 17 Civ. 7857 (JMF)
        Defendant, :
                                                       :
  vs. :
                                                       :
WINDSTREAM SERVICES, LLC, :
                                                       :        **NON-DISCLOSURE**
        Defendant-Counterclaimant, :        **AGREEMENT**
                                                       :
  vs. :
                                                       :
AURELIUS CAPITAL MASTER, LTD., :
                                                       :
  vs. :
                                                       :
        Counterclaim Defendant. :
------------------------------------------------------------x

       I,_____, acknowledge that I have read and understand the Protective Order in this action (the "Order").  I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

       By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated:                                                           _____