UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/25/2017
```

------------------------------------------------------------------X
:
U.S. BANK NATIONAL ASSOCIATION,                   :
:
Plaintiff,          :         17-CV-7857 (JMF)
:
-v-              :         SCHEDULING ORDER
:
WINDSTREAM SERVICES LLC,                          :
:
Defendant.         :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Upon due consideration of the parties' letter briefs (Docket Nos. 26-29), and for reasons the Court may explain more fully in due course (either orally or in a written opinion), the Court concludes that, in light of Counter-Defendants' insistence on discovery, it has authority under *Metropolitan Life Insurance Co. v. RJR Nabisco, Inc.*, 906 F.2d 884 (2d Cir. 1990), "to stay the running of the cure period for such time as the [Counter-Defendants] need[] for discovery." *Id.* at 891.[1]  Discovery in this case began on October 18, 2017, when the parties appeared before the Court, and is scheduled to end on November 3, 2017, a period of sixteen days.  Accordingly, unless and until the Court orders otherwise, the cure period is hereby stayed (or, it seems more accurate to say, tolled) for a period of sixteen days.  Put differently, unless and until the Court orders otherwise, Counter-Defendants shall not declare an Event of Default or serve a notice of acceleration prior to **December 7, 2017** (or sixteen days after November 21, 2017, the first date on which Counter-Defendants could presently declare an Event of Default (*see* Docket Nos. 19)).

        If discovery ends on November 3, 2017, as scheduled, the Court is inclined to believe that the trial date should be advanced to ensure that a decision on the merits is rendered before December 7, 2017.  **Accordingly, the parties should be prepared to go to trial beginning on November 28, 2017, if discovery ends as scheduled.**  In the event that discovery is extended, however, the Court may keep the current trial date of December 5, 2017 (or, depending on the length of the discovery extension, adjourn to an even later date).  That is to say, at present, the parties should be prepared to go to trial on *either* November 28, 2017, or December 5, 2017.

        In light of the foregoing, and as discussed during the conference held on October 18, 2017, the following schedule shall govern the further conduct of pretrial proceedings in this case unless and until the Court orders otherwise:

---

[1]     Further, based on the representations of Services (*see* Docket No. 28), the Court finds that Counter-Defendants' alternative proposal and proposed order (*see* Docket Nos. 27 and 29) do not suffice to protect Services' rights.

1. By **November 3, 2017**, the parties shall complete discovery. Well in advance of that deadline, the parties shall meet and confer regarding to what extent, if at all, discovery is necessary, including a discussion of the number of depositions each party requires to adjudicate the matter.  Counsel shall make their best efforts to reach agreement on relevant facts that are not in dispute and to memorialize such facts in a written stipulation. Per the Court's text-only Order of October 24, 2017, the parties shall submit a joint letter no later **October 27, 2017**, at **noon** updating the Court on the progress of their discussions (including but not limited to the scope and scheduling of discovery and whether and to what extent the parties have reached agreement on undisputed facts), and advising the Court in the event they believe there is a need to hold a conference.

2. By **November 13, 2017**, the parties shall file a Joint Pretrial Order, including any and all information relevant to the trial referenced in the Court's Individual Rules and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman) with respect to Joint Pretrial Orders.

3. **At the same time**, the parties shall each file Proposed Findings of Fact and Conclusions of Law.  As there may be no opportunity for post-trial submissions, the Proposed Findings of Fact should be detailed and should include citations to the proffered trial testimony and exhibits, and the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court.  The parties may not submit additional memoranda of law (before or after trial) without leave of Court.

4. **At the same time**, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing. The parties shall also serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

5. **At the same time**, the parties shall provide the Court with two (2) courtesy hard copies of all these documents, as well as one (1) set of hearing exhibits, pre-marked and assembled sequentially (a) in a looseleaf binder, or (b) in separate manila folders labeled with the exhibit numbers and placed in a suitable container or box for ready reference. The parties shall also submit copies of all documents, including exhibits, to the Court by e-mail (Furman_NYSDChambers@nysd.uscourts.gov) in .pdf format and, if applicable, as Microsoft Word documents.

6. **Three business days after submission of the affidavits discussed above**, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial.  The original signed affidavits should be brought to trial to be marked as exhibits.

7. By **November 17, 2017**, the parties shall file any reply memorandum of law (not to exceed fifteen pages) to any memorandum filed with the Joint Pre-Hearing Order and provide two (2) courtesy copies to the Court.  The parties shall also submit copies to the

Court by e-mail (Furman_NYSDChambers@nysd.uscourts.gov) in .pdf format and as Microsoft Word documents.

8.  The parties shall be prepared for trial to begin on either **November 28, 2017**, or **December 5, 2017**.  The Court will provide further guidance on the scheduling of trial and a final pretrial conference in due course (at a minimum, after the parties file the Joint Pretrial Order).

9.  The Clerk of Court is directed to terminate Docket No. 26.


SO ORDERED.

Dated: October 25, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge