November 6, 2017

BY ECF

Hon. Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street, Room 2202
New York, NY 10007

      Re:    *U.S. Bank National Association v. Windstream Services, LLC*,
                Docket No. 17 Civ. 7857 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      Pursuant to Your Honor's Order dated November 3, the parties submit this joint status letter to the Court, both with respect to discovery and trial issues and with respect to Windstream's debt exchange offers and consent solicitations.

*******

*Position of the Trustee and Aurelius:*

**Discovery and Trial Issues**

      The Court ordered Services to complete document production by October 29. Windstream Services, LLC ("Services") produced approximately 20% of its documents after the deadline, and has yet to address certain follow up questions regarding the scope and nature of its production. Services provided a privilege log on Wednesday November 1, and the Trustee and Aurelius have challenged certain privilege assertions set forth therein. Services has admitted some documents should not have been withheld, though it has yet to produce them.

      Notwithstanding Services' tardy production, the parties proceeded with three depositions (Services' Chief Legal Officer, Controller and Chief Financial Officer) on November 2 and 3. The Trustee and Aurelius have requested production of documents identified during their depositions. The Trustee and Aurelius are also considering whether to retain an expert in light of the testimony offered by these witnesses concerning the accounting treatment of the transaction at issue in this case. We are still reviewing the technical aspects of such testimony, which we believe is expert in nature (and assessing its relevance to the issues before the Court) and we are considering whether to identify an expert in the next few days to offer testimony at trial. If an expert is retained, we will provide Services with a report and opportunity to depose the expert before the filing of the Pre-Trial Order.

      Finally, the Trustee and Aurelius served Services with requests to admit and interrogatories on November 1, 2 and 3. As of the filing of this letter, Services has not

The Hon. Jesse M. Furman - 2 - November 6, 2017

responded to certain requests; and with respect to other requests, the Trustee and Aurelius have sought clarification of Services' answers.

The Trustee and Aurelius believe that they can be ready for trial as scheduled by the Court on December 5, 2017, but do not believe the trial date should be moved to November 28. In light of the discovery materials that are still being reviewed or are yet to be produced, they also respectfully request that the Court extend the deadlines for pre-trial submissions as follows:

- Pre-Trial Order, Proposed Finding of Fact and Conclusions of Law, direct testimony affidavits, and deposition excerpts and synopses—<u>current deadline</u>: November 13; <u>proposed new deadline</u>: November 20

- Reply memorandum of law—<u>current deadline</u>: November 17; <u>proposed new deadline</u>: November 29.

*Position of Services:*

Windstream has completed its discovery obligations. Windstream has produced 2,282 documents, comprising 29,839 pages. Additionally, on November 1, Windstream produced a privilege log to counsel for Counterclaim-Defendants. On November 3, Windstream also responded to Counterclaim-Defendants' First Set of Interrogatories and First Set of Requests for Admission, which were served on November 1 and November 2 respectively.

Moreover, Windstream produced three witnesses for depositions on November 2 and 3, including 30(b)(6) depositions that Counterclaim-Defendants noticed for the first time on October 30.

After producing documents responsive to all requests to which any responsive documents exist, Windstream continued to respond to various questions from Counterclaim-Defendants' counsel requesting further documents or clarification on factual and positional issues. And, while these inquiries from Counterclaim-Defendants' counsel continued through the weekend (including a second set of Requests for Admissions at 10:25PM on November 3 and additional document requests at 11:20PM on November 3), Windstream responded to most inquiries, and intends on quickly addressing the few stray issues raised by Counterclaim-Defendants over this past weekend.

Windstream is prepared to go forward with and meet the deadlines set in the Court's October 25 Scheduling Order, including working with Counterclaim Defendants on filing a Joint Pretrial Order on November 13, and on that same day filing Proposed Findings of Fact and Conclusions of Law, serving affidavits constituting the direct trial testimony of each trial witness, serving deposition excerpts, and providing the Court with sets of hearing exhibits. Windstream is further prepared for trial to begin on November 28 or December 5.

This morning counsel to US Bank inquired as to whether Windstream is willing to consent to moving back the dates for pretrial submissions from November 13 (and November 17 for replies) to November 17 (and November 22 for replies). On behalf of Windstream, we respectfully did not consent to this request.

The Hon. Jesse M. Furman - 3 - November 6, 2017

**<u>Windstream Exchange Offers and Consent Solicitations</u>**

*Position of the Trustee:*

The Trustee is proceeding today with authentication of the Additional Notes. The Trustee anticipates that further issues related to the issuance of the Additional Notes and resulting waivers, including the effect on this litigation, will be presented to the Court in the first instance by the other parties.

*Position of Aurelius:*

Aurelius' position concerning the exchange offers and consent solicitations is set forth in the letter of Arthur H. Aufses to the Court, dated November 5, 2017. (*See* Docket No. 50). Earlier this afternoon, the Trustee told Aurelius that the Trustee will be authenticating the new Notes. As stated in its letter to the Court of November 5, Aurelius is convinced that the Exchange Offers and Consent Solicitations were defective and that the new Notes are not valid. Aurelius expects to be litigating these issues in this Court.

*Position of Services:*

As discussed below, as of this morning, the Consent Solicitations and Exchange Offer now appear to be moving forward towards completion.

On October 18, 2017, Windstream launched debt exchange offers with respect to its senior notes, including the notes at issue in this case (the "Exchange Offers"). Concomitant with the Exchange Offers, Windstream launched a separate, related transaction, whereby it solicited consents from all holders of Windstream's senior notes (including the 6 3/8% Notes at issue here) to waive the potential or alleged defaults with respect to the Spin-Off (the "Consent Solicitation"). The Consent Solicitation would waive the defaults alleged in the Notice of Default.

On October 31, 2017, Windstream learned that based on tenders of notes in the Exchange Offers and consents delivered in the Consent Solicitation for the 6 3/8% Notes, upon early settlement of the Exchange Offers, consents from holders representing the requisite percentage of 6 3/8% Notes needed to waive the defaults alleged in the purported Notice of Default would be received. In fact, holders of approximately 61.3% of 6 3/8% Notes (including additional 6 3/8% Notes (the "New 6 3/8% Notes") to be issued in the Exchange Offers) are expected to deliver consents in the Consent Solicitation relating to such notes. These holders have agreed to deliver consents that provide: "[b]y delivering a consent with respect to the 6 3/8% Notes, a Holder authorizes, directs and requests that . . . the Company, the co-issuer, the guarantors, the trustee and each party to the Indenture enter into a Supplemental Indenture with respect to the 6 3/8% Notes . . . and . . . enter into such other documents, and take such other actions necessary or expedient, in order to give effect to, and permit, the Proposed Waivers and Amendments."

Once it became clear on October 31 that the requisite consents would be achieved in the Consent Solicitation relating to the 6 3/8% Notes upon settlement of the Exchange Offers, Windstream diligently worked with counsel for the Trustee to effectuate early settlement of the

The Hon. Jesse M. Furman                    - 4 -                    November 6, 2017

Exchange Offers.  Windstream expected US Bank to authenticate the New 6 3/8% Notes on November 3, 2017 following agreement on the form of documents.  The consents delivered pursuant to the Consent Solicitation for the 6 3/8% Notes were to become effective shortly thereafter, and should (contrary to the arguments of Aurelius) obviate the need for this litigation, as the holders of a majority of the 6 3/8% Notes will have agreed to waive the defaults alleged in the purported Notice of Default issued by Aurelius.

Troublingly, however, Aurelius sought to effectively block the Trustee from taking the necessary actions it is required to take under the Indenture to effectuate the Exchange Offers and therefore receive the requisite consents in the Consent Solicitation for the 6 3/8% Notes.  On November 3, 2017, Aurelius delivered a demand letter to US Bank -- purporting to act on behalf of a majority of noteholders -- which directed US Bank to not authenticate the New 6 3/8% Notes unless and until US Bank obtains a declaratory judgment with respect to various issues relating to the validity of the Consent Solicitation and Exchange Offers.

This morning counsel to US Bank informed counsel to Windstream that US Bank will go forward with authenticating the Notes.  As such, we expect the Consent Solicitations and Exchange Offer to continue to move towards fruition this week, and we will inform the Court of any material development.

Windstream does not believe that a conference with the Court is necessary at this time.

*******

Respectfully submitted,

/s/  Edward A. Friedman
Edward A. Friedman
**Friedman Kaplan Seiler
   & Adelman LLP**
*On behalf of Plaintiff-Counterclaim Defendant U.S. Bank National Association*

/s/  Aaron H. Marks
Aaron H. Marks
**Kirkland & Ellis LLP**
*On behalf of Defendant-Counterclaimant Windstream Services, LLC*

/s/  Arthur H. Aufses III
Arthur H. Aufses III
**Kramer Levin Naftalis
   & Frankel LLP**
*On behalf of Counterclaim Defendant Aurelius Capital Master Ltd.*

3306923.1