AARON H. MARKS
JOSHUA M. GREENBLATT
STEPHEN E. HESSLER, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Windstream Services, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, solely in its capacity as indenture trustee of Windstream Services, LLC's 6 3/8% Senior Notes due 2023,<br><br>        Plaintiff and<br>        Counterclaim-<br>        Defendant,<br><br>  - against -<br><br>WINDSTREAM SERVICES, LLC,<br><br>        Defendant,<br>        Counterclaim-<br>        Plaintiff and<br>        Counterclaim-<br>        Defendant,<br><br>  - against -<br><br>AURELIUS CAPITAL MASTER, LTD.<br><br>        Counterclaim-<br>        Defendant and<br>        Counterclaim-<br>        Plaintiff. | Case No.: 1:17-cv-07857 (JMF) |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**AURELIUS'S AMENDED COUNTERCLAIMS**

# ANSWER

Defendant, Counterclaim-Plaintiff and Counterclaim-Defendant Windstream Services, LLC ("Services" or the "Company"), for its Answer and Affirmative Defenses to the Amended Counterclaims of Aurelius Capital Master, Ltd ("Aurelius"), states as follows:

## NATURE OF THE COUNTERCLAIMS

1.    Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 1 asserts a legal conclusion, no response is required; states that the Third Supplemental Indenture executed on November 6, 2017 (the "Supplemental Indenture") amended the Indenture, including the definition of a "Sale and Leaseback Transaction" to expressly permit the Spin-Off and related transactions; states that any purported default has been waived by consents delivered by holders of Notes in the Consent Solicitations and the waiver in the Supplemental Indenture; and otherwise denies the allegations contained in Paragraph 1.

2.    Services refers the Court to the Indenture for its content; admits that the Indenture allows holders of the majority of the outstanding principal amount of Notes to waive a default under the Indenture; admits it launched the Consent Solicitation and Exchange Offers on October 18, 2017; states that, to the extent that Paragraph 2 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 2.

3.    Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 3 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 3.

4.    Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 4 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 4.

5.      Services denies the allegations contained in Paragraph 5; states that, to the extent that Paragraph 5 asserts a legal conclusion, no response is required; states that the Supplemental Indenture amended the Indenture, including the definition of a "Sale and Leaseback Transaction" to expressly permit the Spin-Off and related transactions; and states that any purported default has been waived by consents delivered by holders of Notes in the Consent Solicitation and the waiver in the Supplemental Indenture.

## PARTIES

6.      Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 6.

7.      Services admits the allegations in Paragraph 7.

## JURISDICTION

8.      Services states that, to the extent that Paragraph 8 asserts a legal conclusion, no response is required.

9.      Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 9 asserts a legal conclusion, no response is required.

## APPLICABLE LAW

10.      Services refers the Court to the Indenture for its content.

## FACTUAL BACKGROUND

**A.      The Notice of Default and Pending Legal Proceedings**

11.       Services states that, to the extent that Paragraph 11 asserts a legal conclusion, no response is required; states that the Supplemental Indenture amended the Indenture, including the definition of a "Sale and Leaseback Transaction" to expressly permit the Spin-Off and related transactions; and otherwise denies the allegations contained in Paragraph 11.

12.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 12 asserts a legal conclusion, no response is required; states that the Supplemental Indenture amended the Indenture, including the definition of a "Sale and Leaseback Transaction" to expressly permit the Spin-Off and related transactions; and otherwise denies the allegations contained in Paragraph 12.

13.     Services states that, to the extent that Paragraph 13 asserts a legal conclusion, no response is required; Services admits the remaining allegations in Paragraph 13.

14.     Services admits the allegations in Paragraph 14.

15.     Services admits it launched the Consent Solicitation and Exchange Offers on October 18, 2017; and otherwise denies the allegations contained in Paragraph 15.

**B.    The Windstream Exchange Offers and Related Consent Solicitations**

16.     Services admits that prior to the Consent Solicitation and Exchange Offers it had five outstanding series of senior notes; refers the Court to the Indenture and Other Indentures for their content; states that, to the extent that Paragraph 16 asserts a legal conclusion, no response is required; states that the Supplemental Indenture amended the Indenture, including the definition of a "Sale and Leaseback Transaction" to expressly permit the Spin-Off and related transactions; and otherwise denies the allegations contained in Paragraph 16.

17.     Services admits the allegations in Paragraph 17.

18.     Services admits that the Indenture allows holders of the majority of the outstanding principal amount of Notes to waive a default under the Indenture; states that, to the extent that Paragraph 18 asserts a legal conclusion, no response is required; states that the Supplemental Indenture amended the Indenture, including the definition of a "Sale and Leaseback Transaction" to expressly permit the Spin-Off and related transactions; and otherwise denies the allegations contained in Paragraph 18.

19.     Services admits the allegations in Paragraph 19.

20.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 20; and refers the Court to the press release referenced in Paragraph 20 for its content.

21.     Services states that, to the extent that Paragraph 21 asserts a legal conclusion, no response is required; and refers the Court to the press release referenced in Paragraph 21 for its content.

22.     Services admits the allegations in Paragraph 22.

23.     Services admits the Supplemental Indenture was executed by Services and US Bank; refers the Court to the Supplemental Indenture for its content; states that, to the extent that Paragraph 23 asserts a legal conclusion, no response is required; states that any purported default has been waived by the Supplemental Indenture; and otherwise denies the allegations contained in Paragraph 23.

24.     Services admits the allegations in Paragraph 24.

25.     Services admits the New Notes were issued under two CUSIPs: 97381LAA6 and U9701LAA1; and admits the Existing Notes trade under the CUSIP 97381WAZ7.

26.     Services admits 61% of the Notes participated in the Consent Solicitation and that holders of almost 95% of the principal amount of the New Notes furnished consents; refers the Court to the press release referenced in Paragraph 26 for its content; and otherwise denies the allegations contained in Paragraph 26.

27.     Services denies the allegations in Paragraph 27.

28.     Services denies the allegations in Paragraph 28.

29.     Services states that, to the extent that Paragraph 29 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 29.

**C.     The New Notes Were Not Validly Authenticated**

30.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 30 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 30.

31.     Services refers the Court to the Indenture for its content.

32.     Services refers the Court to the Indenture for its content.

33.     Services refers the Court to the Indenture for its content; and states that, to the extent that Paragraph 33 asserts a legal conclusion, no response is required.

34.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 34 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 34.

35.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 35 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 35.

**D.     The Consent Solicitation was Structurally Defective**

36.     Services admits that under the Exchange Offers, the holders of the Notes had the right, when tendering their Exchange Notes, to also direct their DTC participant to transmit their consent pursuant to the Consent Solicitation with respect to the New Notes to be issued pursuant to the Exchange Offers; states that, to the extent that Paragraph 36 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 36.

37.     Services admits that the Exchange Offers contained a "Minimum Issuance Condition"; refers the Court to the Offering Memorandum for its content; states that, to the

extent Paragraph 37 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 37.

38.     Services states that, to the extent that Paragraph 38 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 38.

**E.     Violation of Indenture Section 4.09 - Limitation on Indebtedness**

39.     Services refers the Court to the Indenture for its content.

40.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 40 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 40.

41.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 41 asserts a legal conclusion, no response is required; and lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 42 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 42.

**1.     Issuance of the New Notes Was Not Permitted Under Section 4.09(a)**

43.     Services refers the Court to the Indenture for its content; refers the Court to Services' September 30, 2017 financial statements for their content; states that, to the extent that Paragraph 43 asserts a legal conclusion, no response is required; states that the Supplemental Indenture amended the Indenture, including the definition of "Sale and Leaseback Transaction" and "Attributable Debt" to expressly permit the Spin-Off and related transactions; and otherwise denies the allegations contained in Paragraph 43.

44.     Services refers the Court to Services' quarterly financial disclosures from the third quarter of 2017 referenced in Paragraph 44 for their content; states that, to the extent that Paragraph 44 asserts a legal conclusion, no response is required; states that the Supplemental Indenture amended the Indenture, including the definition of "Sale and Leaseback Transaction" and "Attributable Debt" to expressly permit the Spin-Off and related transactions; and otherwise denies the allegations contained in Paragraph 44.

45.     Services refers the Court to the Supplemental Indenture for its content; states that the Supplemental Indenture amended the Indenture, including the definition of "Sale and Leaseback Transaction" and "Attributable Debt" to expressly permit the Spin-Off and related transactions; and otherwise denies the allegations contained in Paragraph 45.

**2.    The "Refinancing Basket" in Section 4.09(b)(v) Is Not Available to Services**

46.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 46 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 46.

47.     Services refers the Court to the resolution of Services' Board of Directors regarding the "Consent Solicitation and Notes Exchange Matters" for its content; states that, to the extent that Paragraph 47 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 47.

48.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 48 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 48.

49.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 49 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 49.

50.     Services states that, to the extent that Paragraph 50 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 50.

**F.      Violation of Indenture Section 4.17 - Payment for Consent**

51.     Services refers the Court to the Indenture for its content.

52.     Services admits that it paid consideration to the holders of the Exchange Notes as part of the Exchange Offer; states that, to the extent that Paragraph 52 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 52.

53.     Services states that, to the extent that Paragraph 53 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 53.

**G.      Violation of Indenture Section 4.12 - Limitation on Liens**

54.     Services admits it issued a total of approximately $200 million principal amount of New Secured Notes; admits it issued $150 million principal amount of the New Secured Notes in exchange for 2020 Notes, and $50 million principal amount of New Secured Notes in exchange for 2021 Notes; states that, to the extent that Paragraph 54 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 54.

55.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 55 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 55.

56.     Services admits that 2020 Notes and 2021 Notes for which the New Secured Notes were exchanged are unsecured; refers the Court to the Indenture for its content; states that, to the extent that Paragraph 56 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 56.

57.      Services refers the Court to the Indenture for its content; states that the Supplemental Indenture amended the Indenture, including the definition of "Sale and Leaseback

Transaction" and "Attributable Debt" to expressly permit the Spin-Off and related transactions; states that, to the extent that Paragraph 57 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 57.

58.     Services states that, to the extent that Paragraph 58 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 58.

59.     Services states that, to the extent that Paragraph 59 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 59.

**H.     Violation of Implied Covenant of Good Faith and Fair Dealing**

60.      Services states that, to the extent that Paragraph 60 asserts a legal conclusion, no response is required.

61.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 61 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 61.

62.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 62 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 62.

63.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 63 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 63.

64.     Services refers the Court to the public statements referenced in Paragraph 64 for their content; states that, to the extent that Paragraph 64 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 64.

65.     Services states that, to the extent that Paragraph 65 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 65.

66.     Services states that, to the extent that Paragraph 66 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 66.

**I.     The Defaults Noticed by Aurelius on September 21, 2017 Mature into Events of Default and Aurelius Accelerates the Notes**

67.     Services refers the Court to the Indenture for its content; admits that on October 25, 2017, the Court extended the cure period for the Notice of Default by 16 days; and states that, to the extent that Paragraph 67 asserts a legal conclusion, no response is required.

68.     Services admits that Aurelius sent a purported Notice of Acceleration to Services on December 7, 2017; refers the Court to the Notice of Acceleration for its content; states that, to the extent that Paragraph 68 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 68.

**J.     The No-Action Clause**

69.     Services refers the Court to the Indenture for its content.

70.     Services states that, to the extent that Paragraph 70 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 70.

71.     Services refers the Court to the Indenture for its content; states that, to the extent that Paragraph 71 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 71.

**K.     Aurelius's Directions and Indemnities to the Trustee**

72.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 73; and refers the Court to the Indenture for its content.

74.     Services refers the Court to the Indenture for its content; and states that, to the extent that Paragraph 74 asserts a legal conclusion, no response is required.

75.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 75; refers the Court to the letters referenced in Paragraph 75 for their content; and states that, to the extent that Paragraph 75 asserts a legal conclusion, no response is required.

76.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 76; refers the Court to the letters referenced in Paragraph 76 for their content; and states that, to the extent that Paragraph 76 asserts a legal conclusion, no response is required.

77.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 77; refers the Court to the letters referenced in Paragraph 77 for their content; and states that, to the extent that Paragraph 77 asserts a legal conclusion, no response is required.

78.     Services admits that on November 6, 2017, early settlement of the Exchange Offer and Consent Solicitations occurred, New Notes were issued and authenticated, and Services and the US Bank entered into the Supplemental Indenture, which waived any purported defaults alleged by Aurelius; refers the Court to the Supplemental Indenture for its content; and otherwise denies the allegations contained in Paragraph 78.

79.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 79; refers the Court to the letters referenced in Paragraph 79 for their content; states that, to the extent that Paragraph 79 asserts a legal

conclusion, no response is required; and otherwise denies the allegations contained in

Paragraph 79.

80.     Services lacks sufficient knowledge and information to form a belief as to the

truth of the allegations contained in Paragraph 80; refers the Court to the letter referenced in

Paragraph 80 for its content; states that, to the extent that Paragraph 80 asserts a legal conclusion,

no response is required; and otherwise denies the allegations contained in Paragraph 80.

81.     Services lacks sufficient knowledge and information to form a belief as to the

truth of the allegations contained in Paragraph 81; refers the Court to the letters and agreement

referenced in Paragraph 81 for their content; and states that, to the extent that Paragraph 81

asserts a legal conclusion, no response is required.

82.     Services lacks sufficient knowledge and information to form a belief as to the

truth of the allegations contained in Paragraph 82; refers the Court to the letter referenced in

Paragraph 82 for its content; states that, to the extent that Paragraph 82 asserts a legal conclusion,

no response is required; and otherwise denies the allegations contained in Paragraph 82.

83.     Services lacks sufficient knowledge and information to form a belief as to the

truth of the allegations contained in Paragraph 83; refers the Court to the letter referenced in

Paragraph 83 for its content; and states that, to the extent that Paragraph 83 asserts a legal

conclusion, no response is required.

84.     Services lacks sufficient knowledge and information to form a belief as to the

truth of the allegations contained in Paragraph 84; refers the Court to the letter referenced in

Paragraph 84 for its content; refers the Court to the Indenture for its content; states that, to the

extent that Paragraph 84 asserts a legal conclusion, no response is required; and otherwise denies

the allegations contained in Paragraph 84.

85.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 85; refers the Court to the letters referenced in Paragraph 85 for their content; states that, to the extent that Paragraph 85 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 85.

86.     Services lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 86; refers the Court to the letters referenced in Paragraph 86 for their content; refers the Court to the Indenture for its content; states that, to the extent that Paragraph 86 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 86.

87.     Services states that, to the extent that Paragraph 87 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 87.

88.     Services states that, to the extent that Paragraph 88 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 88.

### FIRST CLAIM FOR RELIEF
**(Breach of Indenture)**

89.     Services realleges its responses to Paragraphs 1 through 88 herein.

90.     Services states that, to the extent that Paragraph 90 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 90.

91.     Services states that, to the extent that Paragraph 91 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 91.

92.     Services states that, to the extent that Paragraph 92 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 92.

93.     Services states that, to the extent that Paragraph 93 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 93.

94.     Services states that, to the extent that Paragraph 94 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 94.

95.     Services states that, to the extent that Paragraph 95 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 95.

96.     Services states that, to the extent that Paragraph 96 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 96.

## SECOND CLAIM FOR RELIEF
### (Judgment on Principal and Interest Due and Payable)

97.     Services realleges its responses to Paragraphs 1 through 96 herein.

98.     Services states that, to the extent that Paragraph 98 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 98.

99.     Services admits that Aurelius sent a purported Notice of Acceleration to Services on December 7, 2017; and states that, to the extent that Paragraph 99 asserts a legal conclusion, no response is required.

100.     Services states that, to the extent that Paragraph 100 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 100.

101.     Services states that, to the extent that Paragraph 101 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 101.

102.     Services states that, to the extent that Paragraph 102 asserts a legal conclusion, no response is required; and otherwise denies the allegations contained in Paragraph 102.

## PRAYER FOR RELIEF

Services denies the allegations in the "Prayer for Relief" section, and avers that Aurelius is entitled to no relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Aurelius's Amended Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Aurelius does not have standing to pursue this action because it has not complied -- and cannot comply -- with the Indenture's "no-action" provision.

## THIRD AFFIRMATIVE DEFENSE

Aurelius cannot pursue this action because US Bank, as Trustee, received a direction from Holders of a majority in aggregate principal amount of the outstanding Notes that is inconsistent with Aurelius's request to US Bank to pursue remedies.

## FIFTH AFFIRMATIVE DEFENSE

Aurelius's Amended Counterclaims should be barred because the alleged violations of the Indenture do not constitute actionable Events of Default.

## SIXTH AFFIRMATIVE DEFENSE

Aurelius's Amended Counterclaims should be barred because they would affect, disturb or prejudice the rights of another Holder of a Note.

## SEVENTH AFFIRMATIVE DEFENSE

Aurelius's Amended Counterclaims should be barred because the Supplemental Indenture amended the Indenture, including the definition of a "Sale and Leaseback Transaction", to expressly permit the Spin-Off and related transactions.

## EIGHTH AFFIRMATIVE DEFENSE

Aurelius's Amended Counterclaims are barred by the equitable doctrines of unclean

hands, estoppel, laches, ratification and waiver.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Services gives notice that it intends to rely on any affirmative defenses that are now or

may become available in this action, through discovery or otherwise, and reserves its right to

amend this Answer to assert any such defenses.

Dated:  February 2, 2018
     New York, New York

          /s/ Aaron H. Marks
          AARON H. MARKS
          JOSHUA M. GREENBLATT
          STEPHEN E. HESSLER, P.C.

          **KIRKLAND & ELLIS LLP**

          601 Lexington Avenue
          New York, New York 10022
          Telephone:  (212) 446-4800
          Facsimile:  (212) 446-4900
          Email:       aaron.marks@kirkland.com
                    joshua.greenblatt@kirkland.com
                    stephen.hessler@kirkland.com

          - and -

          James H.M. Sprayregen, P.C.
          Richard U.S. Howell
          300 North LaSalle Street
          Chicago, Illinois 60654
          Telephone:  (312) 862-2000
          Facsimile:  (312) 862-2200
          Email:       james.sprayregen@kirkland.com
                    rhowell@kirkland.com

          *Counsel to Defendant, Counterclaim-Plaintiff, and*
          *Counterclaim-Defendant Windstream Services, LLC*