# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Aaron H. Marks
To Call Writer Directly:
(212) 446-4856
aaron.marks@kirkland.com

601 Lexington Avenue
New York, NY 10022

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

**VIA ECF**    February 6, 2018

The Honorable Jesse M. Furman
United States District Court
40 Centre Street, Room 2202
New York, NY 10007

    Re: *U.S. Bank National Association v. Windstream Services, LLC*,
       17-CV-07857-JMF (S.D.N.Y.)

Dear Judge Furman:

  We represent Windstream Services, LLC ("Services"). We write in response to counterclaim-defendant Aurelius Capital Master, Ltd.'s ("Aurelius") letter to the Court dated February 1, 2018 (the "February 1 Letter") regarding alleged deficiencies in Services' Responses to Aurelius's Interrogatories (the "Interrogatory Responses") and Requests for Production of Documents (the "RFP Responses").

  Services has agreed to produce to Aurelius all documents relevant to their Amended Counterclaims. Aurelius propounded 37 RFPs on Services, and Services has agreed to produce documents responsive to 36.[1] Similarly, Aurelius propounded 11 Interrogatories on Services, and Services provided complete responses to 10. Services' minimal objections are justified due to the irrelevance and overreach of certain of Aurelius's RFPs and Interrogatories.

**I.**  **Relevant Period for Discovery -- Services' Additional Unsuccessful Exchange Offer**

  Services launched the Consent Solicitation and Exchange Offers on October 18, 2017, and they were successfully completed at early settlement on November 6, when the Supplemental Indenture was executed. As a result of the completion of the Consent Solicitation and the execution of the Supplemental Indenture, the alleged defaults for which Aurelius had issued a notice on September 21 were, as of November 6, deemed waived and to never have occurred.

  Aurelius's Amended Counterclaims challenge the legitimacy of the Consent Solicitation and Exchange Offers and seek to have the attendant Supplemental Indenture and the issuance of New Notes declared null and void. Aurelius seeks, however, a patently overbroad temporal

---

[1] In order to move this case forward efficiently, and notwithstanding Services' view that its objections are completely meritorious, Services agrees to produce documents responsive to certain of Aurelius's requests that are in dispute.

# KIRKLAND & ELLIS LLP

Hon. Judge Furman
February 6, 2018
Page 2

scope of discovery, asserting that August 1, 2017 through January 5, 2018 is the appropriate period for Services to search for relevant documents.  Services initially proposed the period of October 1, 2017 through November 6, 2017, as there was no material activity regarding the Consent Solicitation and Exchange Offers prior to October 1, and all actions giving rise to Aurelius's purported counterclaims were completed by November 6.

In an attempt to reach a compromise with Aurelius during the meet and confer process, Services offered to extend the period for Services' ESI (the "Services Relevant Period") to August 1, 2017 through November 20, 2017 if Aurelius agreed to extend the relevant period for their own ESI to October 1, 2017 through January 17, 2018.  Aurelius rejected Services' offer. However, in order to move this case forward, Services hereby agrees, without condition, to extend the beginning of the Services Relevant Period back to August 1, 2017.

Services does not agree to produce documents from its files created after November 20. November 20 is an appropriate end date for the Services Relevant Period because it extends two weeks beyond the early settlement of the Consent Solicitation and Exchange Offers on November 6, and Aurelius first asserted its counterclaims on November 21.  Aurelius seeks to justify extending Services Relevant Period beyond November 20 based on a subsequent offer by Services to exchange a tranche of notes (the April 2023 Notes) that is not at issue here and is not relevant to any claims or defenses.  And, because Aurelius filed its counterclaims on November 21, documents created by Services after that date very likely are going to be privileged. Accordingly, Aurelius's request to extend the relevant discovery period should be denied.[2]

## II.     Opinion of Counsel

Aurelius seeks to compel Services to (i) produce "all records, certificates, and documents that Services provided to Kirkland & Ellis LLP in connection with Kirkland & Ellis LLP's issuance of the Opinion of Counsel" (RFP No. 25), and (ii) "[i]dentify all persons who, on behalf of Services, including without limitation attorneys at Kirkland & Ellis LLP, reviewed the 'records, certificates, and documents' that, according to the Opinion of Counsel, Kirkland & Ellis LLP considered in delivering the opinions set forth in the Opinion of Counsel" (Interrogatory No. 11).  Services objects to RFP No. 25 and Interrogatory No. 11 to the extent each seeks information protected by attorney-client privilege or work product.

Aurelius claims that Services waived privilege by putting the Opinion of Counsel (the "Opinion") "at issue" in this case.  This assertion is baseless and fundamentally misinterprets the "at-issue" waiver.  The Second Circuit held in *In re County of Erie* that for "at issue" waiver to

---

[2]   Services believes strongly that Aurelius must produce relevant documents from November 6 through January 17, 2018.  In short, Aurelius continued to attempt to issue instructions to the Trustee throughout this period. This is one of the issues raised by Services in a contemporaneous discovery letter submitted to the Court today.

# KIRKLAND & ELLIS LLP

Hon. Judge Furman
February 6, 2018
Page 3

apply, "a party must rely on privileged advice from his counsel to make his claim or defense." 546 F.3d 222, 229 (2d Cir. 2008) (emphasis in original). Services is not relying on, and does not intend to rely on, the Opinion to make any of its claims or defenses. Neither is Services attempting to use the Opinion to influence the Court. Aurelius misinterprets the meaning of "decisionmaker" in *In re County of Erie*. *Id* at 229. The "decisionmaker" for "at issue" waiver is the court, not the party who used the privileged document during the underlying events of the case. The fact that the Trustee apparently relied on the Opinion during the Consent Solicitation and Exchange Offers does not put it "at issue" in this action. *Deutsche Bank Tr. Co. of Americas v. Tri-Links Inv. Tr.*, 43 A.D.3d 56, 64 (1st Dep't 2007) ("Of course, that a privileged communication contains information relevant to issues the parties are litigating does not, without more, place the contents of the privileged communication itself 'at issue' in the lawsuit . . . Rather, 'at issue' waiver occurs 'when the party has asserted a claim or defense that he intends to prove by use of the privileged materials.'").

Where a party does not intend to use privileged material to prove its claim or defense, "it is the [other party's] burden to show why the privileged material is so critical to their defense that it would be unfair not to breach attorney-client privilege in order to provide them with it." *Windsor Sec., LLC v. Arent Fox LLP*, No. 16 Civ. 1533 (GBD) (GWG), 2017 WL 3446992, at *6 (S.D.N.Y. Aug. 11, 2017) (noting that courts "frequently end[] the inquiry into "at issue" waiver once it is established that the party does not intend to use such materials as proof"); *see also IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 107 A.D.3d 451, 452 (1st Dep't 2013) ("[P]laintiff disavows any intention to use privileged materials and defendant fails to show that the materials are necessary to determine the validity of the claims or to its defense against them."). Aurelius has neither made any allegations of unfairness nor given any indication that the Opinion is necessary for its claims or defenses.

If documents provided to counsel in connection with the Opinion are independently relevant to the action and non-privileged, Services will undoubtedly produce such documents. Services, however, is absolutely entitled to maintain a privilege objection with respect to its counsel's selection of documents for the purpose of rendering a legal opinion. *See William Durling, et al v. Papa John's Int'l, Inc.*, No. 16-CIV-3592 (CS) (JCM), 2018 WL 557915, at *8 (S.D.N.Y. Jan. 24, 2018) (holding that a document sent to lawyer is subject to a claim of privilege if communicated in confidence in connection with seeking or receipt of legal advice).

Services will provide a response to Interrogatory No. 11.

### III.    Citigroup And Global Services

Services agrees to produce relevant agreements between Services and Citigroup Global Markets, Inc. or Global Bondholder Services Corp (RFP Nos. 3-4) and documents sufficient to identify the compensation that Services paid to Citigroup and Global Services (RFP Nos. 9-10).

**KIRKLAND & ELLIS LLP**

Hon. Judge Furman
February 6, 2018
Page 4

Sincerely,

/s/ Aaron H. Marks

Aaron H. Marks

cc:   All Counsel of Record (via ECF)