# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022

Aaron H. Marks
To Call Writer Directly:
(212) 446-4856
aaron.marks@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

**VIA ECF**                                                                February 6, 2018

The Honorable Judge Jesse M. Furman
United States District Court
40 Centre Street, Room 2202
New York, NY 10007

> Re:     *U.S. Bank National Association v. Windstream Services, LLC*,
>           17-CV-07857-JMF (S.D.N.Y.)

Dear Judge Furman:

We represent Windstream Services, LLC ("Services").  We write regarding Aurelius
Capital Master, Ltd.'s ("Aurelius") Responses (the "RFP Responses") to Services' Requests for
Production of Documents (the "RFPs").  Notwithstanding Aurelius's recognition that it possesses
several categories of documents relevant to its asserted Amended Counterclaims, Aurelius has
taken untenable positions, including flatly refusing to produce *any* internal documents at the
heart of this action.

## I.     BACKGROUND

On November 21, 2017, Aurelius filed counterclaims -- and on January 19, 2018 filed
amended counterclaims -- against Services.  Aurelius's amended counterclaims challenge the
validity of the Exchange Offers, the Supplemental Indenture, the New Notes, and waivers
obtained through the Consent Solicitation and seek, among other things, injunctive relief to
prevent Services from issuing additional Notes under the Indenture.  In their amended
counterclaims, Aurelius contends that Services somehow did not have sufficient financial
capacity under provisions of the Indenture to allow the Exchange Offers.  Aurelius further
contends that the Exchange Offers and Consent Solicitation were structured in ways that violate
certain covenants in the Indenture.

In December, Services served RFPs upon Aurelius, which requests largely seek
documents underlying Aurelius's claims that the Consent Solicitation, Exchange Offers and
Supplemental Indenture were defective and should be voided.  On January 22, 2018, Aurelius
provided responses and objections to Services' discovery requests.  On January 24, Services sent
Aurelius a letter outlining deficiencies in Aurelius's RFP Responses.[1]  In short, Aurelius has

---

[1]    Services also addressed serious deficiencies in Aurelius's interrogatory responses.  Aurelius has indicated that it
will supplement its interrogatory responses, but Services has not yet received the amended responses.

## KIRKLAND & ELLIS LLP

Hon. Judge Furman
February 6, 2018
Page 2

refused to produce their analyses and communications that relate to the alleged defects and flaws that they claim entitle them to relief on their Amended Counterclaims.  The parties met and conferred telephonically on January 29 and 30, but disputes remain.

## II.     AURELIUS'S IMPROPER OBJECTIONS TO SERVICES' RFPS

### A.     The RFPs To Which Aurelius Objects Seek Relevant Documents

The documents and communications sought by the RFPs to which Aurelius objects are directly relevant to, among other things: (i) Aurelius's allegations that its direction and indemnity letters complied with the Indenture: (ii) that the New Notes were supposedly improperly issued and authenticated; (iii) the Consent Solicitation and Exchange Offers were structurally defective (RFPs 2, 4, 14, 17-20); and (iv) Services' no-action clause defenses (RFPs 15-16).  The outstanding RFPs bear directly on the viability of Aurelius's claims and Services' defenses, and thus are relevant.

Aurelius has refused to produce any documents in response to the following RFPs:

- Number 2: documents and communications concerning any alleged default;
- Number 4: documents and communications regarding the Notes;
- Number 14: documents and communications regarding defaults alleged in the September 21 notice of default;
- Number 15: documents sufficient to show Aurelius's holdings/trading positions with respect to the Notes;
- Number 16: documents sufficient to show Aurelius's holdings/trading positions with respect to Services and Uniti;
- Number 17: communications between Aurelius and ISDA;
- Number 18: any analysis or evaluation that Aurelius performed regarding Services or the Notes;
- Number 19: documents and communications regarding positions/opinions on Services or the Notes; and
- Number 20: documents and communications between Aurelius and any advisors engaged regarding Services or the Notes.

In addition to incorrectly objecting to each of these RFPs on the grounds of relevance, Aurelius's RFP Responses contain two additional meritless boilerplate objections asserted as to each of these RFPs:  (i) an objection based on the Court's ruling during the October 27 conference on scope of discovery during the expedited proceeding (the "October 27 Order") (asserted in response to RFPs 1-4 and 8-23); and (ii) an objection based on overbreadth and burden (asserted in response to RFPs 1-4 and 15-20).

## KIRKLAND & ELLIS LLP

Hon. Judge Furman
February 6, 2018
Page 3

### B.    The Court's October 27 Order

Aurelius asserts that it is not generally subject to discovery because the Court's October 27 Order denied similar discovery that Services sought at that time.  In October, the parties were proceeding under what were clearly very different circumstances.  The Court had ordered an expedited proceeding pursuant to the Second Circuit's decision in *MetLife* that entailed only 16 total days of discovery.  And, given the truncated schedule we were on, as well as that Second Circuit's suggested protocol in MetLife called for limited discovery only being conducted by the lender, Your Honor denied Services' discovery requests.  October 27 Conference Tr. at 15:25-16:1.

The expedited proceeding ended in November, and Aurelius has now asserted its own claims attacking the Consent Solicitation and Exchange Offers and Services has asserted an additional claim against US Bank, all of which are subject to discovery.  The documents that Services has requested are relevant to those claims and defenses, as outlined above.  Furthermore, during the December 14 conference in which the Court set the schedule for the case going forward, the parties and the Court discussed the discovery schedule, and no mention was made of any party being exempt from discovery.  Aurelius cannot escape discovery of its documents and communications regarding its claims, particularly now that Aurelius has reasserted its own counterclaims which seek repayment on millions of dollars of Notes and a declaratory judgment that Services has violated the Indenture.[2]

### C.    Burden And/Or Overbreadth

Aurelius also asserts baseless objections regarding burden and/or overbreadth.  An objection of burden in response to a discovery request requires a particularized showing.  *See Wilson v. New York City Hous. Auth.*, No. 96-CIV-1765 (SHS) (HBP), 1996 WL 524337, at *2 (S.D.N.Y. Sept. 16, 1996).  Aurelius has not made such a showing, because it cannot.  Services has only requested that search terms be applied to electronically-stored information from three custodians for a period of less than four months (October 1, 2017 to January 17, 2018).  Until the filing of its Amended Counterclaims, Aurelius continued to attempt to issue directions to the Trustee to pursue litigation.  In light of this narrowly-tailored proposal, none of Services' RFPs are overbroad and producing responsive documents will not be burdensome.  The RFPs for which search terms will likely not apply (such as RFPs Nos. 15 and 16) are also tailored to a very narrow time period, minimizing any potential burden.

---

[2]    Aurelius has indicated it plans to assert common-interest privilege over communications with US Bank's counsel.  The parties are still conferring regarding this assertion, but Services may have to move the Court for a ruling that such privilege does not apply.

# KIRKLAND & ELLIS LLP

Hon. Judge Furman
February 6, 2018
Page 4

Sincerely,

/s/ Aaron H. Marks

Aaron H. Marks

cc:     All Counsel of Record (via ECF)