**Kramer Levin**

**Arthur H. Aufses III**          1177 Avenue of the Americas
Partner                           New York, NY 10036
**T** 212-715-9234
**F** 212-715-8234
aaufses@KRAMERLEVIN.com

February 9, 2018

**BY ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street, Room 2202
New York, New York  10007

Re:   *U.S. Bank National Association v. Windstream Services, LLC v.*
      *Aurelius Capital Master, Ltd.*, 17-cv-7857 (JMF)

Dear Judge Furman:

On behalf of Aurelius, I write in response to Windstream's letter motion of February 6, 2018 [Dkt. 111], concerning supposed deficiencies in Aurelius's Responses to Windstream's Requests for Production of Documents ("RFPs").  As we explain below, the categories of documents that are in dispute are irrelevant and/or overbroad, and Windstream's motion conflicts with the Court's prior discovery rulings.

I.      **Windstream's Requests at Issue Seek Irrelevant**
        **Information or are Otherwise Improper**

The Aurelius counterclaims and the Windstream counterclaims against Aurelius concern whether Windstream's Exchange Offers and Consent Solicitations comply with the Indenture. These counterclaims turn entirely on the conduct of Windstream and whether Windstream has honored the Indenture.  Despite that, Aurelius has agreed to produce documents in response to certain of Windstream's specific document requests.

The only subject as to which discovery of Aurelius truly is proper concerns Windstream's claim that Aurelius did not satisfy the no-action clause of the Indenture.  There, Aurelius's directions and offers of indemnity to the Trustee are relevant, and Aurelius has agreed to produce those documents – correspondence between Aurelius and the Trustee concerning the Notes, including directions, notices, and offers of indemnity. (RFPs 1 and 5-7).

Again, despite being irrelevant, Aurelius has also agreed to produce certain categories of documents beyond those related to the no-action clause.  Subject to any applicable privileges, Aurelius will produce the following categories of documents:  (i) communications between Aurelius and Noteholders concerning alleged defaults (RFP 3); (ii) documents sufficient to show Aurelius's holdings in the Notes as of the relevant date (RFP 15); and (iii) documents that support or refute Aurelius's claims or defenses with respect to the parties' respective counterclaims (RFPs 8 through 13).  Aurelius communicated its position to Windstream on January 31.  Thus, when Windstream asserts that Aurelius "has flatly refuse[d] to produce any

The Honorable Jesse M. Furman
February 9, 2018
Page 2

internal documents at the heart of this litigation" [Dkt. 111 at 1], Windstream is wrong.  In fact, Aurelius already agreed to produce non-privileged documents that fit all four categories of material that in its letter motion Windstream said were relevant.

The remaining RFPs to which Aurelius has objected seek documents that either (i) are irrelevant, (ii) are overbroad and not tailored to relevant issues, or (iii) were already specifically ruled out of bounds by the Court during a discovery hearing on October 27, 2017.  And contrary to Windstream's arguments, the issue is not just one of burden; if documents are irrelevant or their production already has been barred, then production now would be improper.

RFPs 2 and 14 seek documents concerning the defaults alleged by the Trustee.  The Trustee and Aurelius are asserting different claims, and those of Aurelius concern only the propriety of the Exchange Offers and Consent Solicitations.  As noted below, the Court already has denied discovery from Aurelius concerning the Trustee's claims.  That Aurelius now has filed counterclaims changes nothing.  Except for the no-action issue, the sole focus of those counterclaims is the conduct of Windstream.  Beyond the Court's prior ruling and the reasons for it, Windstream's demand that Aurelius produce documents concerning the Trustee's claims against Windstream is doubly disingenuous, because Windstream itself has refused to produce the same kinds of documents to Aurelius.

RFP 4 seeks "all documents and communications concerning the Notes."  That open-ended request is not tied to the issues in suit, and thus is overbroad and lacking in relevance to the parties' counterclaims.  Moreover, in response to RFPs 8 through 13, Aurelius has agreed to produce documents that support or refute Aurelius's counterclaims.

RFPs 15 and 16 seek documents concerning Aurelius's trading positions in Windstream and Uniti securities.  These requests are overbroad and irrelevant; indeed, Windstream does not offer any explanation why these documents are relevant.  Furthermore, the Court on October 27 already rejected Windstream's request for Aurelius's trading positions beyond proof that Aurelius is a Noteholder.  The Court stated that "aside from essential discovery to confirm that Aurelius is a bond [holder] and the requisite quantity," no further discovery on the subject was warranted. *See* Ex. A, Oct. 27, 2017 Conference Transcript ("Tr.") at 7.[1]  As noted, Aurelius has agreed to produce documents setting out its Note holdings as of the relevant date.

RFP 17 seeks documents concerning correspondence with the International Swaps & Derivatives Association, or "ISDA."  Windstream nowhere explains how such ISDA correspondence has any relation to the matters at issue in the parties' counterclaims – and no such connection exists.

Finally, RFPs 18 through 20 seek all documents concerning any Aurelius analyses or opinions concerning the Notes or Windstream generally, as well as any communications between Aurelius and any advisor concerning the Notes or Windstream.  This is yet another overbroad request for which Windstream fails to explain the relevance of the documents.

---

[1] Although the transcript states that the conference date is October 18, 2017, that is a transcription error; the conference took place on October 27, 2017.

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Jesse M. Furman
February 9, 2018
Page 3

**II.      Even though the Court Barred Discovery from Aurelius,
          Aurelius Has Agreed to Produce Documents**

Furthermore, the Court already has ruled on and rejected nearly all the substance of Windstream's motion.  In October 2017, Windstream sought to take discovery from Aurelius, and the Court denied the request.  The Court observed at the outset that the substantive claims in this case turn on the conduct of Windstream, not Aurelius.  "[T]he issue at the heart of this litigation is whether there was a breach, and in that regard, it turns entirely on the conduct of [Windstream] and aside from essentially discovery to confirm that Aurelius is a bond [holder] and the requisite quantity or what have you, I wouldn't think that [Windstream] really need[s] any discovery from either the trustee or Aurelius."  (Tr. 7).  After hearing argument, the Court reiterated its conclusion:

> [T]he focus of this case is on whether [Windstream] breached or didn't breach and how the intentions of Aurelius or the trustee, the relationship between them and what they thought or didn't think about the breach, [are] irrelevant to the question of whether there was in fact a breach. . . .  [As] there is no basis for the discovery that [Windstream] is seeking from the trustee or Aurelius … on that basis [I] will quash [the requests] in their entirety as requested by the trustee and Aurelius.  [*Id.* at 15].

With the exception of discovery on the no-action clause, this reasoning applies with equal force today, both as to Windstream's requests concerning the Trustee's claims against Windstream, and as to the respective counterclaims of Windstream and Aurelius.

**III.     The Court has Already Rejected Windstream's Proposed Relevant Period**

Windstream has asked Aurelius to collect electronically-stored information for the period "October 1, 2017 to January 17, 2018." [Dkt. 111 at 3].  But in limiting the time period that Aurelius proposed for Windstream's document search, the Court ruled on February 7 that the period post-dating November 20 is not relevant.  The court stated that it was "unpersuaded that the period after November 20th is relevant to this case." [Dkt. 112].   Aurelius has nevertheless agreed to produce correspondence between Aurelius and the Trustee through January 17, 2018, which relates to the no-action issue, and this is the only conceivably relevant set of Aurelius documents that post-dates November 20.  Consistent with the Court's rulings on October 27 and February 7, and in light of the November 20 cutoff date for Windstream's production, we respectfully submit that nothing further should be required.

Respectfully yours,

/s/ Arthur H. Aufses III

Arthur H. Aufses III

Encl.

cc:      All counsel of record (via ECF)

KRAMER LEVIN NAFTALIS & FRANKEL LLP