# ROBBINS | RUSSELL
Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP

Lawrence S. Robbins

202.775.4501
lrobbins@robbinsrussell.com

March 1, 2019

*Via ECF*

The Honorable Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *U.S. Bank N.A. v. Windstream Services, LLC v. Aurelius Capital Master, Ltd.*

Dear Judge Furman:

  I write on behalf of Aurelius Capital Master, Ltd. ("Aurelius") pursuant to the Court's minute order of February 27, 2019 (Dkt. 249). The Court directed that "[i]f Aurelius believes that the Court may enter judgment notwithstanding the automatic stay, it shall file a proposed judgment … along with a letter-brief explaining why the Court has the authority to do so no later than March 5, 2019." *Ibid*.

  Aurelius does not believe that the Court may enter judgment at this time. Doing so would constitute a "judicial action" that the automatic stay forbids. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (distinguishing between "judicial actions," which violate the automatic stay, and mere "ministerial acts," which do not). Conforming the Court's February 15 findings of fact and conclusions of law into a final judgment is a quintessential judicial act. *See*, *e.g.*, *In re Braught*, 307 B.R. 399, 404 (Bankr. S.D.N.Y. 2004) ("[W]hen the judge affixed his signature to the judgment on May 22, 2003, a full month after Debtors' bankruptcy filing, he performed a judicial function which was a violation of the automatic stay."); *accord In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000); *Matter of Arbitration Between Barbier & Shearson Lehman Hutton Inc.*, 943 F.2d 249, 250 (2d Cir. 1991); *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986). That is especially true where, as here, the Court directed the parties to meet and confer regarding the form of judgment, *see* Dkt. 245 at 55, and the amount of Aurelius's money judgment remains to be calculated, *see In re Soares*, 107 F.3d 969, 975 (1st Cir. 1997) (entry of judgment violated automatic stay where factual question remained).

ROBBINS | RUSSELL

Hon. Jesse M. Furman
March 1, 2019
Page 2

On February 25, 2019, Aurelius asked Windstream for its view on whether entry of judgment would violate the automatic stay. Windstream declined to take a position, stating that Aurelius would need to form its own judgment on that question.

In light of the foregoing, Aurelius will not be submitting a proposed judgment until such time as the automatic stay is lifted. We remain at the Court's disposal to address any questions.

Sincerely,

/s/_____
Lawrence S. Robbins

cc: Richard C. Godfrey (via ECF)
     Edward A. Friedman (via ECF)